ALBANY, Feb. 1825.

Sherman v. McNitt.

---

SHERMAN, by his Guardian, E. SMITH, *against* JAMES McNITT.

The rule which allows a plaintiff to try only one of several causes, where the questions and the evidence are the same in all, without being subjected to costs for not trying the others, does not apply to actions of slander, &c. where the question is one of damages, to be determined by a jury, but is confined to questions of property.

AFTER the decision (February term, 1824) in 2 Cowen's Rep. 452, the plaintiff carried this cause down to trial, and

ALBANY, Feb. 1825.

Sherman v. McNitt.

obtained a verdict; and in settling the general bill of costs between the parties, the same question now arose again, upon a motion for re-taxation, which was determined then; and the additional fact was now shown to the Court, that both the causes of *Sherman* v. *McNitt* and *Sherman* v. *Wilson*, mentioned in that report, were actions of slander; and now in speaking of that case,

WOODWORTH, J. (who delivered the opinion of the Court) said, "It does not appear, by the report, that the two causes were actions of slander. Whether this fact appeared upon the affidavits, we do not remember; but, at any rate, our attention was not called to the circumstance, nor did we advert to it. The plaintiff now claims the costs of the Circuit, upon the ground that as both causes depended on the same question, and that against Wilson had been tried, and was to be farther considered upon a case made, it was regular to let the other go off till the decision of this Court should be obtained. This is the rule, where all the causes involve the same questions, and the same evidence in relation to a right of property, like that in Mr. Palmer's causes, decided at the present term.(a) But it is obvious that the rule can not apply to actions of slander. The question is one of damages, upon which there is no certain rule, and which belongs almost exclusively to the jury. The plaintiff having tried one cause, in which he obtains a verdict for a certain amount, may still go before another jury, in another cause, and litigate the same question, and demand a heavier sum, and perhaps have it allowed, on precisely the same state of facts as appeared upon the first trial. This is not that kind of question over which Courts ordinarily exercise any control upon a motion for a new trial; nor would it be proper, in any such cases, for the Court to order that one cause should abide the event of the other. It now appears that these are actions of slander; and it follows that the plaintiff was in default for not trying both his causes, pursuant to notice."

Rule accordingly.

(a) *Jackson* v. *Schauber*, ante, 78.